35814.   GOTTLIEB *v.* COHEN.

DECIDED JANUARY 27, 1956.

John L. Westmoreland, John L. Westmoreland, Jr., G. Ernest Tidwell, for plaintiff in error.

Cohen, Roberts & Kohler, contra.

QUILLIAN, J. The plaintiff contends that, first, because of the adjudication of the invalidity of the assessment of the taxes against him, and the subsequent sale, based upon the invalid assessment, neither had the effect of divesting him of title or passing title of the chattels to the defendant. The defendant maintains that the invalidity of the levy did not affect the effectiveness of the sale, and that by virtue of buying the chattels at the marshal's sale he became their legal owner.

The liability of an alleged transferee of an insolvent taxpayer is held to be secondary to that of the taxpayer. United States v. Kensington Shipyard & Drydock Corp., 187 Fed. 2d 709. It is well established, both by common-law principles and the holdings of various State and United States courts, that if the taxpayer is solvent and the conveyance free of fraud, the person to whom it is transferred is not a transferee within the meaning of the statute and not liable to pay the tax assessed against the taxpayer from whom he receives the property. One of the best opinions on the subject is found in Tyson v. Commissioner of Internal Revenue, 212 Fed. 2d 16.

A transferee within the meaning of U. S. C. A. § 26-311 is one to whom an insolvent taxpayer voluntarily or fraudulently transfers his property. Shelton v. Gill, 202 Fed. 2d 503.

The right of the United States to call a voluntary or fraudulent transferee of an insolvent taxpayer to account is about as old as the Government itself. The old method of enforcing the right is explained in the case of Continental Oil Co. v. Helvering, 100 Fed. 2d 101.

It is held in a number of United States court reports and very well said in the case of Harrison v. Commissioner of Internal

Revenue, 173 Fed. 2d 736, that U. S. C. A. § 26-311 created no new liability of a transferee, but simply furnished the Government a new summary and expeditious method of enforcing the transferee's liability.

What those cases do not directly call attention to, and indeed may have overlooked, is that the statute referred to, in furnishing the Government with a summary and expeditious remedy against an alleged transferee, by its expressed language places him in the category of one against whom a tax may be assessed, and collected by distraint. U. S. C. A. § 26-311 embodying this provision provides: "(a) Method of collection. The amounts of the following liabilities shall, except as hereinafter in this section provided be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection and the provisions prohibiting claims and suits for refunds) : (1) Transferees. The liability, at law or in equity of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter. (2) Fiduciaries. The liability of a fiduciary under section 3467 of the Revised Statutes, as amended, (U. S. C., Title 31, § 192) in respect of the payment of any such tax from the estate of the taxpayer. Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax." U. S. C. A. § 26-3690 reads: "If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with such interest and other additional amounts as are required by law, by distraint and sale, in the manner provided in this subchapter, of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidence of debt, of the person delinquent as aforesaid."

Michael v. Commissioner of Internal Revenue, 75 Fed. 2d 966, contains an analysis of the former U. S. C. § 280 which embodied the same rules as those found in the present U. S. C. A. § 26-311. The court distinguishes the liability of a taxpayer from that of a

transferee. In the opinion while pointing out that a transferee is not in the most technical sense of the word a taxpayer, the court explicitly denominates him as a person liable to pay taxes when assessed against him.

The United States courts uniformly hold that where property of one against whom taxes are assessed is sold under a warrant of distraint good title passes to the purchaser at such sale, despite the subsequent adjudication by courts of competent jurisdiction that the alleged taxes were unjustly assessed and the party against whom they were assessed not liable to pay them, provided the warrant of distraint is issued in proper form, and the seizure and sale conducted in conformity with technical requirements of statutes regulatory of such proceedings.

The United States statutes vest in the Treasury Department authority to make initial determination of whether a party is liable to have taxes assessed against him, and the plenary power to issue a warrant of distraint, under which such person's property is by the United States marshal seized and sold.

In the case of United States v. Morris & Essex R. Co., 135 Fed. 2d 711, it was held that such initial determination of liability, predicated only upon administrative investigation was equivalent to a judgment.

The conclusion is inescapable that, by reason of the chattels owned, his property, seized under a warrant of distraint issued by the Treasury Department and sold by the marshal at a sale—which we must, in the absence of an allegation to the contrary, presume was regularly conducted—he was divested of his title to the chattels sued for, which passed to the defendant. The trial court did not err in sustaining the demurrer and dismissing the petition.

We feel great sympathy for the plaintiff who was deprived of his property by the erroneous assumption of the Treasury Department that he was a transferee within the meaning of the statute. However, it does appear that under the peculiar circumstances of the case he could have petitioned the district court for an injunction to restrain the seizure and sale of this property until the question of his liabilities for the tax assessed was decided.

In a splendidly worded and well considered opinion in Rosenthal v. Allen, 75 Fed. Supp. 879, Judge Davis makes it clear that

in cases where irreparable damage is about to be done an alleged transferee by the sale of his property and for other equitable reasons the courts will enjoin sales of the alleged transferee's property during the interim between its seizure under warrant of distraint and final determination of his liability to pay the tax imposed.

Moreover, the defendant in this case was not otherwise to blame for the unjust assessment of the taxes against the plaintiff, the improvident issuance of the warrant of distraint, seizure or sale of his property. He had the moral and legal right when bidding at the marshal's sale to rely upon the law, expressed in the Federal statutes and pronounced in the opinion of the courts, that he would as purchaser at such sale obtain a good title to the chattels purchased.

We are impressed that the Congress should enact appropriate legislation to afford more ample protection to a party erroneously assumed by the office of the Secretary of the Treasury to be a transferee within the meaning of U. S. C. A. § 26-311.

We think that a party thus deprived of his property should as to compensation be placed in the same category as a condemnee in proceedings where the Government exercises the power of eminent domain. Congress should, in our opinion, provide that he be promptly paid just and adequate compensation for the property taken from him under the distraint proceedings, and that if the property seized and sold consists of a building, fixtures or stock used in a going business, that, as in the case in condemnation cases, he be paid such damages as actually accrued by reason of the disruption of his business.

*Judgment affirmed. Felton, C. J., concurs. Nichols, J., concurs specially.*

NICHOLS, J., concurring specially. After an exhaustive search for, and study of authorities found on the subject, including citations and cases appearing in the excellent briefs of counsel, the writer specially but reluctantly concurs in the majority opinion in this case. I concur reluctantly in this case because I so strongly feel that what has been done here, although under the sanctity and approval of the law, is nevertheless basically and fundamentally wrong. It is wrong in my opinion because I think under the facts as disclosed by the record in the case the plaintiff was deprived of his property without having had his day in court.

It is true that U. S. C. A. § 26-3673 provides for the making of a bond to prevent or stay the selling of property until the tax liability has been definitely determined in cases such as we have under consideration here. It is also true, and certainly not beyond the realm of possibility. that the plaintiff in this case, or persons similarly situated could not make a bond as provided under U. S. C. A. § 26-3673, supra. Also, there was still another possible alternative that the plaintiff might have pursued in this case and perchance have saved his property. As was pointed out in the case of Rosenthal *v.* Allen, 75 Fed. Supp. 879, the plaintiff could have petitioned the U. S. District Court to enjoin the sale of the property until his tax liability had been definitely determined, but there again arises the element of chance as trial courts, both State and Federal, are vested with wide discretionary powers and whether or not injunctive relief would be granted in any given case would be left entirely to the discretion of the trial judge. Although we must assume that the plaintiff in this case did not avail himself of either of the above-mentioned alternatives, since the record does not make any mention thereof, nevertheless had he done so there would have been no absolute. assurance that he could have made a qualified bond, or that the trial judge would have considered his damage so irreparable as to warrant the granting of an injunction.

I particularly concur in that part of the majority opinion in this case wherein it is suggested that appropriate legislation by our National Congress be enacted to afford more protection to a party erroneously assumed by the office of the Secretary of the Treasury to be a transferee within the meaning of U. S. C. A. § 26-311. By way of further comment on this subject it occurs to the writer that a very salutary rule relative to the issuance of warrants for distraint, certainly as against transferees, would be to require, as a condition precedent to the issuance thereof, that the insolvency of the primary original taxpayer be shown and that the tax liability of the original primary taxpayer occurred before the transfer of the property from the transferor—the primary original taxpayer to the transferee.